UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CITIMORTGAGE, INC, <br><br> Plaintiff, <br><br> v. <br><br> SFR INVESTMENTS POOL 1, LLC, <br><br> Defendant. | Case No. 2:17-cv-3003-KJD-VCF <br><br> **ORDER** |

On July 25, 2018, this Court entered an order denying Plaintiff CitiMortgage, Inc.'s Motion for Summary Judgment, denying Defendant SFR Investments Pool 1 LLC's Motion to Dismiss, and staying the case. ECF No. 23. Neither party has moved to lift the stay. However, given the subsequent resolution of the issues that necessitated the stay, the Court now lifts the stay.

**I.**     **Background and Analysis**

This case arises from the nonjudicial foreclosure sale by Manchester Park Homeowners Association on the property located at 10802 Cape Shore Ave., in Las Vegas, Nevada. This case shares a similar fact pattern with many cases currently pending before this Court, all having to do with HOA foreclosure sales. One of the issues before the Court centers in whole or in part around the question of what notice of default the foreclosing party was required to provide Plaintiff before foreclosure on a property. After the Nevada Supreme Court's decision in SFR Invs. Pool 1, LLC v. U.S. Bank, the Ninth Circuit decided Bourne Valley Court Tr. v. Wells Fargo Bank, N.A., 832 F.3d 1154, 1160 (9th Cir. 2016) (holding NRS § 116.3116(2)'s statutory notice scheme was facially unconstitutional).

On April 21, 2017, in Bank of New York Mellon v. Star Hills Homeowners Ass'n, this Court certified the following question to the Nevada Supreme Court: "Whether NRS

§ 116.31168(1)'s incorporation of NRS § 107.090 requires homeowners associations to provide notices of default to banks even when a bank does not request notice?" No. 2:16-cv-2561-RFB-PAL, 2017 WL 1439671, at *5 (D. Nev. Apr. 21, 2017).

In granting certification, the Court reasoned the following: In Bourne Valley, the Ninth Circuit definitively answered the question that the statute's "opt-in" framework was unconstitutional. 832 F.3d at 1160. However, that left the Court with the unresolved question of what notice must be provided. "It is solely within the province of the state courts to authoritatively construe state legislation." Cal. Teachers Ass'n v. State Bd. of Educ., 271 F.3d 1141, 1145 (9th Cir. 2001). As such, state law questions of first impression like this one should be resolved by the state's highest court. See Huddleston v. Dwyer, 322 U.S. 232, 237 (1944).

On August 2, 2018, the Supreme Court of Nevada answered the certified question. See SFR Invs. Pool 1, LLC v. Bank of New York Mellon, 422 P.3d 1248 (Nev. 2018). Further, it has since issued several opinions that may bear on the issues in this action. See, e.g., Wells Fargo Bank, N.A. v. Tim Radecki, 426 P.3d 593 (Nev. 2018); Bank of America, N.A. v. SFR Invs. Pool 1, LLC, 427 P.3d 113 (Nev. Sep. 13, 2018).

### A. Stay of the Case

A district court has the inherent power to stay cases to control its docket and promote the efficient use of judicial resources. Landis v. North Am. Co., 299 U.S. 248, 254–55 (1936); Dependable Highway Exp., Inc. v. Navigators Ins. Co., 498 F.3d 1059, 1066 (9th Cir. 2007). A stay is no longer necessary in this action where the certified question has already been decided.

### B. Briefing Schedule

The parties may either file a stipulation or move the Court for a modified discovery plan and scheduling order as necessary. If the parties fail to do so, dispositive motions are due no later than forty-five days after the entry of this order. Any future dispositive motions must address the most recent case law applicable to the issues in this case.

///
///
///

**II.     Conclusion**

Accordingly, IT IS HEREBY ORDERED that the **STAY IS LIFTED**.

IT IS FURTHER ORDERED that stipulations, motions to modify the discovery plan and scheduling order, or in the absence of such stipulation or motions, dispositive motions are due within forty-five days of the entry of this order.

Dated this 29th day of October, 2019.

_____
Kent J. Dawson
United States District Judge